UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD DUFOUR,<br>Plaintiff,<br>-against-<br>HAVAS GEMINI, LLC, et al.,<br>Defendants. | No. 25-cv-8915 (LAP)<br>OPINION AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Havas Gemini, LLC's ("Havas") motion to dismiss Plaintiff Richard DuFour's Complaint in its entirety[1] (see Compl. [dkt. no. 1-1]) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.[2] For the reasons set forth below, Defendant's Motion is GRANTED.

## I. Background

### A. Relevant Parties

Plaintiff is a former Group Project Manager at Defendant company Havas Gemini. (Dkt. no. 10 at 1.) As alleged in the Complaint, Plaintiff began working as a freelance contractor in June 2019 and became a full-time employee at Havas Gemini in September 2019. (Compl. ¶¶ 5, 15.) Plaintiff is a Catholic,

---

[1] (See Memorandum in Support of Motion to Dismiss ("Defendant's Mem.")[dkt. no. 10]; Reply Memorandum in Support of Motion to Dismiss ("Defendant's Reply") [dkt. no. 19].)

[2] (See Plaintiff's Memorandum in Opposition to Motion ("Pl. Opp.")[dkt. no. 16].)

white, male and, at the time of the alleged conduct, was in his late 50s. (Id. ¶ 100.) The events relevant to Plaintiff's claim occurred while Plaintiff was employed by Defendant. (Id. ¶ 3.)

Defendant Havas Gemini is a limited liability company formed under the State of New York with headquarters in Manhattan. (Id. ¶ 2.)

**B. Factual Allegations and Causes of Action**

For the purposes of these motions, the Court assumes that the following allegations are true and draws all reasonable inferences in favor of Plaintiff. See Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012). Plaintiff alleges the following in his Complaint.

Plaintiff was hired as a freelance contractor in June 2019, and from the start "observed a corporate culture that discriminated against...older white conservative men who had sincerely held religious beliefs." (Compl. ¶¶ 5-6.) Three months into his freelance work, he was offered a role as a full-time employee. (Id. ¶ 8.) Plaintiff was responsible for clearing a backlog of work and successfully archived hundreds of projects. (Id. ¶¶ 9-12.)

Upon starting full-time employment in September 2019, Plaintiff requested the title of Associate Director of Project

Management, which Havas denied. (Id. ¶¶ 15, 17.) In March 2020, he was passed over for the Director of Project Management role. (Id. ¶¶ 20-21.) Plaintiff did receive a promotion to Group Project Manager in the first quarter of 2021 and received a $10,000 bonus at the end of 2021. (Id. ¶¶ 23, 27.)

On October 7, 2021, Havas implemented a COVID-19 vaccine mandate. (Id. ¶ 28.) Eleven days later, Plaintiff requested a religious exemption from the mandate. (Id. ¶ 30.) Upon requesting a religious exemption, he was extensively questioned by a Mr. Thomas Keene about his religious beliefs. (Id. ¶¶ 31-34.) Thereafter, Plaintiff received an "conditional exemption," although he was "forbidden from entering any Company office or from being in contact with any Company employee outside of an office." (Id. ¶ 35.)

Plaintiff was again denied a promotion to Director of Project Management at the end of 2021, and the role was filled by an employee from another division. (Id. ¶¶ 37-38.)

On December 2, 2021, Mr. Keene informed Plaintiff that a complaint had been filed against him by a direct report, and he was subsequently directed to complete HR trainings. (Id. ¶ 41.)

Plaintiff was denied the promotion to Director of Project Management a third time, and he was tasked with training the new hire for the role. (Id. ¶¶ 42-44.)

In April 2022, Ms. Jodi Ceberio began her role as CEO, and Plaintiff states that she demonstrated "obvious favoritism" towards employees of her former company. (Id. ¶¶ 57-60.)

In November 2022, Mr. Keene informed Plaintiff that a different complaint had been filed against him as being "aggressive, condescending, and disruptive to the team." (Id. ¶ 73.)

On December 1, 2022, Plaintiff's employment at Havas Gemini was terminated at a meeting with Ms. Ceberio and Mr. Keene where Plaintiff asserts no reason was given and that other employees were shocked by the decision. (Id. ¶¶ 77-81.)

The Complaint alleges eight causes of action: (1) violation of Title VII on the basis of sex, (2) violation of Title VII on the basis of race/color, (3) violation of Title VII on the basis of religion, (4) violation of the Age Discrimination in Employment Act ("ADEA"), (5) sex discrimination under the New York State Human Rights Law ("NYSHRL"), (6) race discrimination under the NYSHRL, (7) religious discrimination under the NYSHRL, and (8) age discrimination under the NYSHRL. (Id. ¶¶ 101-156.) The Title VII causes of action state that Plaintiff suffered adverse employment action because of a protected characteristic and "the woke liberal-driven and/or dominated hierarchical structure" of the company. (Id. ¶¶ 106, 113, 120.)

### C. Procedural History

On or about September 23, 2023, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").[3] (Dkt. no. 10 at 3.) On October 22, 2025, Plaintiff commenced an action in the New York State Supreme Court, New York County. (Id.) On October 27, 2025, Defendant removed this action to this Court based on federal question and diversity jurisdiction. (Id. at 4.)

In December 2025, Defendant moved to dismiss the Complaint, asserting that (1) all of Plaintiff's claims except for the termination are untimely, (2) the discrimination claims are implausible, and (3) Plaintiff cannot establish a claim for failure to accommodate religion. (See id.)

Plaintiff opposed, asserting that (1) his claims are timely because an ongoing pattern of discrimination constitutes a hostile work environment, thus the continuing violation doctrine is applicable, and (2) his claims satisfy the plausibility standard. (See dkt. no. 16.)

Defendant replied, reaffirming that the claims were implausible and stating that the continuing violation doctrine was

[3] The Complaint does not assert when Plaintiff received his Right to Sue letter, but Defendant concedes it is aware that he did. See Defendant's Mem. at 5 n. 2.

inapplicable to the Plaintiff's newfound argument of a continuing hostile work environment. (See dkt. no. 19.)

## II. Legal Standards

### A. Pleading Standard Under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If the Court can draw a reasonable inference from the alleged facts that a defendant is liable, the claim is plausible. Id. The claim does not need to be probable, rather, it must merely be more than a "sheer possibility." Id. Pleadings that offer only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

For an employment discrimination suit to survive a motion to dismiss at the pleading stage, allegations must simply provide "plausible support to the reduced requirements" of the prima facie case. See Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).

## III. Discussion

Plaintiff asserts eight causes of action including sex, race, and religious discrimination under Title VII and the NYSHRL, and

age discrimination under the ADEA and the NYSHRL. Defendant moves to dismiss on the basis that Plaintiff's claims are based upon untimely acts and implausible.

**A. Timeliness of Claims**

To be timely under both Title VII and the ADEA, a plaintiff must file either (1) an EEOC charge within 180 days of the alleged violation or termination, or (2) within 300 days of the alleged violation if plaintiff has already initiated "proceedings with a State or local agency." See 42 U.S.C. §§ 2000e-5(e)(1),(f)(1) (Title VII); 29 U.S.C. §§ 626(d), 633(b) (ADEA); see also Riddle v. Citigroup, 449 F. App'x 66, 69 (2d Cir. 2011) (applying this statute of limitations period to both Title VII and ADEA).

Under the NYSHRL, the statute of limitations is three years. See N.Y. C.P.L.R. § 214(2). While the United States Court of Appeals for the Second Circuit has not resolved whether filing with the EEOC tolls the statute of limitations, the "overwhelming weight of authority within the Second Circuit" has concluded that it does. See Kirkland-Hudson v. Mount Vernon City Sch. Dist., 665 F. Supp. 3d 412, 446-47 (S.D.N.Y. 2023) (collecting cases).

By the Court's calculation, under Title VII and the ADEA, any acts prior to November 27, 2022, are untimely, as the 300-day statute of limitations ran from the September 23, 2023, EEOC filing. Thus, all alleged incidents except for the December 1,

2022, termination are outside the limitations period. Nevertheless, the Court "may consider [Plaintiff's] other allegations as 'background evidence' to determine whether [an] adverse action was the result of a discriminatory motive." See id.

However, under the NYSHRL, given that this district has concluded filing with the EEOC tolls the limitations period, any acts after September 23, 2020, are timely. Thus, in addition to the December 2022 termination, this Court will consider the promotion denials in 2021 and 2022, the COVID-19 accommodation request, the 2021 complaint and subsequent HR training, and employee favoritism beginning in April 2022 with respect to the NYYSHRL claims.

**B. Title VII and ADEA Claims**

At the pleading stage for an employment discrimination claim under Title VII, "absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is the plaintiff is" (1) a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent. See Littlejohn, 795 F.3d at 311. The facts in the complaint "need only give plausible support to a minimal inference of discriminatory motivation." Id.

To survive a motion to dismiss under the ADEA, the plaintiff must allege plausibly that the employer took adverse action against him and that action would not have occurred but-for the plaintiff's age. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015) (citation omitted); Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 303 (2d Cir. 2021). It must be the factual cause of the adverse action. See Lively, 6 F.4th at 303.

The only alleged incident within the limitations period of the Title VII and ADEA claims is Plaintiff's termination. Even considering Plaintiff's other allegations as background evidence, there is no inference of discrimination. With respect to the failure to promote claim, Plaintiff never alleged in his Complaint that he had actually applied for Director of Project Management; rather, he merely states he was "denied the promotion." (See generally Compl.) Such is fatal to his claim. See Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998) (A plaintiff must "allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion.").

Plaintiff also contends that outside employees were hired for the positions he sought, but he does not allege any of their protected characteristics to show that the decisions to promote others over himself give rise to an inference of discrimination.

(See Compl. ¶¶ 22, 38, 43, 51.) Rather, the allegations show that both men and women were hired for the role and that one individual had "38 years of experience." (Id. ¶¶ 43, 51.)

The termination occurred on December 1, 2022, and Plaintiff asserts that there was no explanation for the decision. (Id. ¶¶ 77–81.) Yet the Complaint does not plausibly allege the COVID-19 accommodation request played a role in the decision to terminate as it occurred more than a year prior. (Id. ¶¶ 28, 41.) While Plaintiff was dissatisfied with the way Defendant handled a previous HR complaint, the alleged favoritism amongst other employees, and the lack of explanation for his termination, (id. ¶¶ 41, 57-50, 60), this dissatisfaction is not enough to give rise to a discriminatory inference surrounding the circumstances of his termination. See Brodt v. City of New York, 4 F. Supp. 3d 562, 568 (S.D.N.Y. 2014) ("[A] plaintiff's feelings and perceptions of being discriminated against are not evidence of discrimination" (internal quotation marks omitted)). Plaintiff has not adequately pleaded facts to support the inference that his termination was motivated by discrimination based on a protected characteristic. Rather, Plaintiff's allegations are conclusory, and an inference founded in a legal conclusion or one that merely recites the cause of action is insufficient. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

**D. NYSHRL Claims**

In 2019, the NYSHRL was amended to provide for a more lenient pleading standard. Following the amendments, courts must look to whether a plaintiff has alleged facts to support a plausible minimal inference of discriminatory motivation showing that he was treated "less well" due to his "membership in a protected class." See Moore v. Hadestown Broadway Limited Liability Co., 722 F. Supp. 3d 229, 245—46 (S.D.N.Y. 2024). Even under this standard, Plaintiff's claims fail.

Plaintiff has not alleged plausibly that his lack of promotions, COVID-19 accommodation, the behavior and favoritism of other employees, or his termination constitute "less well" treatment on the basis of his protected characteristics. (Compl. ¶¶ 22, 35, 38, 43, 50-51.) While Plaintiff asserts there was no reason given for his termination, he does not allege that he was replaced by someone outside of his protected class. (Id. ¶¶ 78–81.) He has not shown that the lack of explanation for any of the decisions is unique to himself and his protected characteristics, nor has he alleged facts demonstrating this was inferior treatment compared to that of other employees. See Zaki v. OTG Mgmt. LLC, 2024 WL 5294261, at *7 (E.D.N.Y. Oct. 23, 2024) (Plaintiff's failure to "allege how she was treated differently from other employees who did not share her protected

characteristics" was fatal to her NYSHRL claim). Even at the pleading stage under the more liberal NYSHRL standard and drawing all inferences in favor of the Plaintiff, mere legal conclusions cannot suffice, and there is not enough of a factual basis to support that Plaintiff's treatment was motivated by discrimination.

**E. Hostile Work Environment and Continuing Violation Doctrine**

Plaintiff in his opposition characterizes the acts alleged in his Complaint as a hostile work environment and invokes the continuing violation doctrine to defeat untimeliness. Plaintiff did not explicitly allege a hostile work environment in the Complaint; however, at the pleading stage, the Court may assess whether a hostile work environment was established through sufficiently alleged facts. See Robin v. Bon Secours Cmty. Hosp., 2025 WL 623766, at *12 (S.D.N.Y. Feb. 25, 2025).

"[T]he continuing violation[] doctrine is disfavored outside of a hostile work environment situation, and should only be applied in compelling circumstances." Kirkland-Hudson, 665 F. Supp. 3d at 444. Under Title VII, a hostile work environment can be established if the plaintiff demonstrates that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions

of the victim's employment and create an abusive working environment." Littlejohn, 795 F.3d at 320-21 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). "[A]cts that amount to mere utterances which engender offensive feelings in an employee do not sufficiently affect the conditions of employment to implicate a hostile environment claim." Alers v. New York City Hum. Res. Admin., 2008 WL 4415246, at *6 (E.D.N.Y. Sept. 24, 2008). The ADEA employs the same standard. See Trachtenberg v. Dep't of Educ. of City of New York, 937 F. Supp. 2d 460, 472 (S.D.N.Y. 2013). Under the more lenient pleading standard of the NYSHRL, a hostile work environment merely requires a plaintiff plead facts sufficient to show he or she was "subjected to inferior terms, conditions, or privileges of employment" because of their protected characteristic. See Samuels v. City of New York, 2023 WL 5717892, at *9 (S.D.N.Y. Sept. 5, 2023). Finally, if "specific and related instances of discrimination" can be grouped together to constitute a discriminatory practice, the continuing violation doctrine can be invoked as an exception to the statute of limitations. See Banks v. Gen. Motors, LLC, 81 F.4th 242, 259 (2d Cir. 2023).

Plaintiff's hostile work environment argument fails under Title VII and the ADEA because (1) all the incidents Plaintiff has alleged are discrete acts, and (2) the alleged facts do not establish a discriminatory policy, practice, or environment that

is "severe or pervasive." See Harris v. NYC Hum. Res. Admin., 2021 WL 3855239, at *10 (S.D.N.Y. Aug. 27, 2021) (rejecting plaintiff's hostile work environment argument where a comment was made that she did not wear a bra to work one day and she was asked "when [she] planned to retire"); see also Boyar v. Yellen, 2022 WL 120356, at *3 (2d Cir. Jan. 13, 2022) (affirming dismissal of hostile work environment where a supervisor told plaintiff she would "[w]ring [his] neck," "ignored him at a meeting," and "yelled at him very loudly."). While he does allege extensive and invasive questioning of his religion, the COVID-19 accommodation was granted, and Plaintiff has not pleaded facts to show the conditions applied to the accommodation were related to his religion or that the environment was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." See Littlejohn, 795 F.3d at 320-21.

The hostile work environment claim also fails under the NYSHRL because Plaintiff has failed to allege facts sufficient to show that he was treated "less well" on the basis of any protected characteristic. See Moore, 722 F. Supp. 3d at 245—46. As noted above with the Title VII and ADEA claims, Plaintiff has not shown that his lack of promotions or the COVID-19 accommodation conditions demonstrates any inference of being treated less well

on the basis of a protected characteristic. (Compl. ¶¶ 22, 35, 38, 43, 51.). Thus, even under the lesser NYSHRL standard, Plaintiff has not established any such pattern of being treated less well because of a protected characteristic.

## IV. Leave to Amend

Finally, as to whether Mr. DuFour may amend his Complaint, leave to amend is DENIED with respect to the untimely allegations. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 76 (2d Cir. 1998) (an amended complaint would not survive dismissal when it is "virtually certain that [] claims would be barred by the statute of limitations"). Nevertheless, Plaintiff may amend his Complaint with respect to the timely allegations, consistent with this opinion within 21 days of the date of this order.

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss the Complaint in its entirety is GRANTED. The Clerk of Court shall close docket number 8.

**SO ORDERED.**

Dated: July 29, 2026
New York, New York

LORETTA A. PRESKA
Senior United States District Judge